## NICHOLS v. MONTEGUDO.

### No. 1502.

Court of Appeal of Louisiana. First Circuit.
June 29, 1935.

Ashton L. Stewart, of Baton Rouge, for appellant.

Breazeale & Sachse, of Baton Rouge, for appellee.

ELLIOTT, Judge.

John A. Nichols claims $193 of Joe L. Montegudo on account of work done in supervising the remodeling and repair of a dwelling house belonging to the defendant Montegudo. Included in the charge is some carpenter work done by Nichols, in addition to his supervision. The amount is claimed as a balance due on a quantum meruit charge for service rendered as above stated, the sum of $39 having been previously received.

The defendant admits that the plaintiff rendered him service in the remodeling and repair of his house, but denies being indebted to the plaintiff on said account. He denies owing plaintiff, but avers his willingness to pay him $41 in addition to the $39 already paid in full settlement and compromise of the claim. This $41 was deposited in the registry of the court.

There was judgment in favor of the plaintiff for $80, less $39 received previous to the suit, and ordering that the plaintiff have the right to withdraw from the registry of the court the $41 in full settlement of the balance, and the plaintiff was condemned to pay the cost of court.

The plaintiff has appealed. The evidence shows that the defendant, Montegudo, had his residence remodeled and repaired. The parties admit that the total outlay on account of the work was but $541, which shows that it was a small job. The remodeling and repairing consisted of raising the house from its old foundation and elevating it into what the evidence indicates was a two-story house. The job of raising was done by a contractor, but plaintiff supervised the work as it was being done, and did some carpenter work himself, helping in the work of raising the house. After the house was raised, it seems that the ground story was built up of brick. This brick work was done by another contractor, the plaintiff supervising the brick work in behalf of the defendant. There was a job of plastering and stuccoing, and the evidence shows that this work was done by another, a contractor, with the plaintiff looking after the work in the interest of defendant. There was also painting done by still another contractor, and the plaintiff supervised this job in the interest of the defendant. The total was $541, as above said.

The plaintiff and defendant were friends. The plaintiff was by trade a carpenter, and while he was engaged in doing carpenter work on another job, in the employment of another contractor, he had received an injury to one of his arms, which had rendered him a temporary total disability, and on account of which some insurance company was paying him compensation at the rate of $20 per week for part of the time, and for the balance of the time he got $10 per week, or half time. The supervising work he did for defendant did not prejudice his right to compensation; it was extra money he was able to earn, and it was all right for him to do it. The evidence shows that it was understood between plaintiff and defendant that plaintiff was to be remunerated for the service he rendered defendant in the way stated, but no agreement as to amount was entered into. It was shown that while the work was going on the plaintiff received $39. After the work was completed, it seems that both understood that some further sum was due, because defendant asked plaintiff what further sum was due him for his service, and the plaintiff replied that the carpenter work alone was worth $75 or $80. But the evidence does not enable us to determine whether this amount was thought by plaintiff to be due for his work as supervisor, or for work which it is admitted he did as carpenter. The evidence shows that the parties understood that the $75 or $80 was to be credited with the $39 received. Plaintiff contends that defendant asked for information, and that he replied as stated, and that nothing further was said. That he finally brought suit to recover what was justly due him. The defendant claims differently. He claims, as a witness, that the plaintiff owed him an old debt for rent in amount $41, and that the plaintiff agreed, when asked what further sum was due him, as stated, that this sum for rent should be considered as paid. That the $39 received and $41 amounted to $80, and constituted a final settlement, and that there was nothing further said on that account. Plaintiff, as

a witness, denies this, and testifies that he worked 56 days all told, and that an equitable charge for this service would be $4 a day. That credit being given for the $39, there remains a balance of $193, which he claims in his petition.

The evidence shows that while defendant's work was being supervised by the plaintiff, the plaintiff received $170 as compensation insurance on account of injury to his arm. Consideration of the evidence on the subject has caused us to form the conclusion that the judgment of the lower court does substantial justice between the parties.

Defendant, through his attorney, offered to pay the $41 cash to the plaintiff before the suit was filed; plaintiff refused it and filed suit. We think $80 a fair recompense for his services and work done for defendant.

Plaintiff contends that, having recovered judgment, the defendant should have been condemned to pay the cost, and that the lower court erroneously taxed the cost against him. The judgment only requires plaintiff to take what was offered him before suit. Act No. 229 of 1910, § 2, vests in Courts of Appeal authority to tax the cost in both the lower and upper court against either plaintiff or defendant.

In this case, exercising the authority which we have under the law, the plaintiff, Nichols, will be required to pay the cost in both courts.

For these reasons, the judgment appealed from is affirmed. Plaintiff and appellant to pay all cost in both courts.